IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHERRI WILSON ANGLIN,

                Plaintiff,                      CV-04-6420-ST

      v.                                OPINION AND ORDER

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

                Defendant.

STEWART, Magistrate Judge:

## INTRODUCTION

Plaintiff, Cherri Wilson Anglin ("Anglin"), brings this action under the Social Security Act ("the Act") to obtain judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying her request for Supplemental Security Income ("SSI") under Title XVI of the Act. 42 USC §§ 1381-83f. This court has jurisdiction under 42 USC § 405(g).

1 - OPINION AND ORDER

All parties have consented to allow a Magistrate Judge to enter final orders and judgment in this case in accordance with FRCP 73 and 28 USC § 636(c) (docket #10).

For the reasons stated below, the Commissioner's decision is affirmed.

## PROCEDURAL BACKGROUND

Anglin filed an initial application for SSI in 1984.[1] After a lengthy review process, she was awarded benefits on that application in 1992. Tr. 12.[2] She remained in pay status on that application until a routine continuing disability review in 1997. By notice dated October 1, 1997, she was advised that her disability ceased effective September 1997 and that her eligibility for SSI would terminate November 30, 1997. After another lengthy review process, this decision was affirmed after a hearing in front of an Administrative Law Judge ("ALJ"), and also was affirmed by the Appeals Council. Tr. 12-13. She filed no further request for review of that decision.

Anglin filed the present application for SSI on May 22, 2001. Tr. 83-85. She alleges that she became disabled due to diabetes, vision loss, kidney damage, headaches, back and leg aches, and anxiety and stress from being laid off from her job. Tr. 14, 91, 113, 135. Her application was initially denied (Tr. 69-73) and then again denied on reconsideration. Tr. 76-78. Anglin then requested a hearing before an ALJ, which was held on March 29, 2004. Tr. 7-8, 28-66. At the hearing, Anglin was not represented by an attorney. Both she and an impartial vocational expert ("VE") testified.

---

[1] Because Anglin has not disputed the accuracy of this historical information set forth in the ALJ's decision, this court accepts it.

[2] Citations are to the page number of the transcript of the record filed with the Commissioner's Answer.

2 - OPINION AND ORDER

On August 23, 2004, the ALJ issued a decision denying Anglin's application for SSI. Tr. 12-20. The Appeals Council denied Anglin's request for review (Tr. 4-6), making the ALJ's decision the final decision of the Commissioner subject to judicial review in this court. 20 CFR §§ 416.1481, 422.210.

## **STANDARDS**

The initial burden of proof rests upon the claimant to establish disability. *Roberts v. Shalala*, 66 F3d 179, 182 (9th Cir 1995), *cert denied* 517 US 1122 (1996). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months. . . ." 42 USC § 423(d)(1)(A). The Commissioner bears the burden of developing the record. *DeLorme v. Sullivan*, 924 F2d 841, 849 (9th Cir 1991).

The district court must affirm the Commissioner's decision if the Commissioner applied proper legal standards and the findings are supported by substantial evidence in the record. 42 USC § 405(g); *see also Andrews v. Shalala*, 53 F3d 1035, 1039 (9th Cir 1995); *Pagter v. Massanari*, 250 F3d 1255, 1258 (9th Cir 2001). "Substantial evidence means more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews*, 53 F3d at 1039; *Edlund v. Massanari*, 253 F3d 1152, 1156 (9th Cir 2001). The court must weigh all of the evidence, whether it supports or detracts from the Commissioner's decision. *Martinez v. Heckler*, 807 F2d 771, 772 (9th Cir 1986). Moreover, "the court may not substitute its judgment for that of the Commissioner," *Edlund,* 253 F3d at 1156, and the Commissioner's decision must be upheld even

3 - OPINION AND ORDER

if "the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F3d at 1039-40.

## DISABILITY ANALYSIS

The Commissioner has established a five-step sequential process for determining whether a person is disabled. *Schneider v. Comm'r Soc. Sec. Admin*, 223 F3d 968, 972 (2000); 20 CFR § 416.920. If the claimant is found to be disabled at any step, it is not necessary for the Commissioner to proceed to the remaining steps.

In step one, the Commissioner determines whether a claimant is engaged in "substantial gainful activity." The claimant is not disabled if he or she is able to engage in substantial gainful activity. 20 CFR § 416.920(a)(4)(i).

In step two, the Commissioner determines whether the claimant has a medically severe impairment or combination of impairments. 20 CFR § 416.920(a)(4)(ii). An impairment is severe within the meaning of the Act if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 CFR § 416.920(c). If the claimant is not severely impaired within the meaning of the Act, then he or she is not disabled.

In step three, the Commissioner determines whether the impairment meets or equals one of a number of listed impairments that the Commissioner acknowledges are so severe as to preclude substantial gainful activity. 20 CFR § 416.920(d). These are listed in 20 CFR Part 404, Subpart P, Appendix 1 ("Listing of Impairments"). If the claimant's condition meets or equals one in the Listing of Impairments, then he or she is conclusively presumed to be disabled.

In step four, the Commissioner determines whether the claimant can perform work he or she has done in the past. 20 CFR § 416.920(f). To make this determination, the ALJ must assess

the claimant's residual functional capacity ("RFC"). The claimant's RFC is an assessment of the sustained work-related activities the claimant can still do on a regular and continuing basis, despite his or her limitations. 20 CFR § 416.945(e). If the claimant can perform work he or she has performed in the past, then he or she is not disabled.

In step five, the Commissioner must use the RFC to determine if the claimant can perform other work that exists in the national economy. 20 CFR § 416.920(e), (g). If the Commissioner meets this burden, then the claimant is not disabled. 20 CFR § 416.966.

**STATEMENT OF FACTS**

**I. Anglin's History & Work Experience**

Anglin was born in 1955[3] and was age 48 at the time of the hearing. Tr. 12, 83. She completed the 10th grade and received a GED in 1971. Tr. 12, 97. Before her prior disability adjudication, Anglin apparently worked as a receptionist at a community college and a dental office, on an assembly line in a cannery, and falling timber and scrapping iron in the 1970s and 1980s. Tr. 92.[4] More recently, in 2000 and 2001, she worked as a child care provider (Tr. 105-06) and as a home health care provider for a cancer patient until that job ended with a lay off after the patient died. Tr. 105-06, 121, 133. She also worked in a fast food restaurant (McDonald's) for a short period of time in 2003 but quit that job and "went into therapy" (Tr. 159), apparently because she was unable to stand for prolonged periods of time as a result of

---

[3] In accordance with Local Rule 10.3(a)(3), only the relevant year is given.

[4] This description is in Anglin's current application for SSI dated May 22, 2001. Tr. 92. Although the question asks for a list of "the jobs that you have had in the last 15 years that you worked," no reference is made to Anglin's apparent employment in 2000 and 2001 as a home health worker and child care provider.

pain associated with an injury sustained in a car accident in the mid-1980s and/or swelling of her foot associated with her obesity. Tr. 39-42, 45-49.

## II. Medical Evidence

The ALJ's summary of the medical evidence is both thorough and accurate and is incorporated herein by reference. Tr. 15-16.

## III. Vocational Expert's Evidence

Eileen Lincicome testified at the hearing as an impartial VE. She testified that Anglin had no work in the preceding 15 years that was sufficient to constitute substantial gainful activity. Tr. 62. The ALJ asked the VE to consider a hypothetical 48 year old individual with a GED but no past relevant work experience, who can carry 10 pounds frequently, but is limited to lifting and carrying 20 pounds occasionally, needs an opportunity to get off her feet occasionally, can not climb ladders, can bend or stoop only occasionally, is limited to about four hours out of eight on her feet, and who has difficulty with fast-paced work. Tr. 62-63. In response, the VE testified that Anglin could still perform several unskilled, light level jobs in the national economy, including as an automatic developer of photographs, storage facility rental clerk, charge account clerk (also known as a credit card interviewer). Tr. 63.

## IV. ALJ's Decision

In step one, the ALJ found that Anglin had not engaged in any substantial gainful activity since her alleged disability onset date. Tr. 19 (Finding 1). In step two, the ALJ determined that Anglin had severe impairments consisting of diabetes mellitus, obesity, osteopenia, possible Sjogren's syndrome, and a nonspecific liver disease related to alcoholism and obesity. *Id* (Finding 2). In step three, the ALJ determined Anglin's impairments, alone or in combination, did not meet or equal any of the listed impairments. *Id* (Finding 3). The ALJ then determined

6 - OPINION AND ORDER

that Anglin had the RFC to perform light work but needs an occasional opportunity to get off her feet, is limited to being on her feet about four hours in an eight hour work period, is unable to climb ladders, is limited to occasional bending or stooping, and has difficulty with fast-paced work. *Id* (Findings 5 and 9).

In steps four and five, based on the VE's testimony, the ALJ determined that although Anglin has no past relevant work (*id*, Finding 6), she could perform several other jobs in the national economy, including automatic developer of photographs, storage facility rental clerk, and charge account clerk. *Id*, Finding 9. Therefore, the ALJ decided that Anglin was not disabled at any time through the date of the decision. *Id* (Finding 10).

## DISCUSSION

### I. Period Under Review

Because Anglin alleges an onset date which is in her previously adjudicated period, her present application was construed as a request to reopen. Tr. 13, citing 20 CFR §§ 416.1488, 416.1489. The ALJ found no reason sufficient to reopen and thus limited the adjudication of this claim to considering Anglin's disability status after October 29, 1999, the date of the final determination on prior application. Tr. 13. Anglin does not challenge that part of the ALJ's decision, but instead relies on allegations of functional limitations more serious than those found by the ALJ.

### II. Functional Limitations Alleged by Anglin

Anglin, who continues to proceed *pro se*, submitted a five page Opening Statement (docket #13). In that document, Anglin lists her diagnoses, symptoms, and medications (Opening Statement, p. 2) and briefly recounts historical facts from what appears to have been a very difficult childhood, adolescence, young adulthood, and first marriage. *Id* at 3-4 (noting

7 - OPINION AND ORDER

leaving home at age 13, abuse, depression, divorce, drug addictions, and incarceration). She does not specifically challenge any particular finding in the ALJ's decision, but instead generally discusses her medical treatment and the conditions that have caused her to need that treatment to support her request for review.

After an exhaustive review of the record in this case, this court concludes that there is no basis in the record for overturning the ALJ's decision. The primary significance of Anglin's Opening Statement is that she alleges symptoms and corresponding functional limitations not found by the ALJ. Specifically, Anglin states that she: (1) sometimes does not leave home "for weeks at a time" (2) suffers from anxiety, depression, and panic attacks; (3) has blood sugar levels of "400+" due to her diabetes; and (4) experiences insomnia due to stress, headaches, and pain in her back and legs. *Id* at 2-5.

The ALJ rejected Anglin's testimony to the extent she claims functional limitations inconsistent with the ability to work. Tr. 17. He based that rejection on: (1) evidence that Anglin was engaged in home health care at the time her claim was being pursued, but failed to note that fact in any report to the Social Security Administration; and (2) medical reports that failed to assess functional limitations; and (3) a report from Anglin's daughter indicating that her daily activities are inconsistent with the degree of functional limitation alleged by Anglin. Tr. 16-17. Each of these reasons is fully supported by the record and will not be disturbed.

The only issue raised by Anglin that was not meticulously addressed by the ALJ is her allegation that she suffers from anxiety, depression, and panic attacks, has "seen mental health," and has discussed the possibility of taking depression medication, "[p]ossibly Zoloft," with her new doctor. Opening Statement, pp. 2-5. Anglin did not allege any mental limitations in her current application or at the hearing. However, the development summary worksheet pertaining

8 - OPINION AND ORDER

to this application indicates that her previous grant of benefits was premised upon a mental disorder:

> The narrative of the prior decision reflects a review of the ALJ decision and states there are change[d] circumstances in the case, with new allegations – all physical, not mental. Apparently, [Anglin] was granted disability benefits in the past for a mental disorder. There is a history of drug abuse, question this to have been a DAA case, though query notes a [diagnosis] for Personality Disorder, with a DOE of 10/84 . . . [S]he was in pay status, but was terminated.

Tr. 171; *see also* Tr. 102.

The only reference to mental health issues post-dating the date of the present application is in a Reconsideration Disability Report in which Anglin states that she is "really stressed out" over being laid off from her job. Tr. 135-38. That lay off apparently took place about four months after Anglin filed the present application for SSI, and resulted from the death of a cancer patient for whom Anglin was providing home care from an unknown date in 2000 through the lay off in September 2001. Tr. 121, 133. The medical reports pertaining to the current application do not discuss any mental health issues, but instead focus exclusively on treating Anglin's diabetes, back pain and associated headaches, and attempting to discern the cause of certain elevated test results, most recently theorizing that those results might suggest Sjogren's syndrome, but without any diagnosis at the examination on March 23, 2004, one week prior to the hearing before the ALJ. Tr. 267 ("She has recently been evaluated . . . for a positive ANA and SSA antibodies. Schirmer's test was negative and she does not have the diagnosis of Sjogren's although this has been considered in the differential."). Given the lack of medical evidence of any mental health concerns and the lack of testimony or other evidence by Anglin or

third-party witnesses that her activities are limited by such concerns, this issue provides no basis for overturning the ALJ's decision.

In sum, the record as a whole fully supports the ALJ's decision, both as to Anglin's credibility and as to the functional limitations imposed by her documented medical impairments. The resulting findings concerning Anglin's RFC, the hypothetical questions posed to the VE, and the resulting step five determination based on the VE's testimony are supported by substantial evidence and will not be disturbed.

## **ORDER**

For the reasons set forth above, the Commissioner's decision is AFFIRMED and this case is DISMISSED.

DATED this 17th day of January, 2006.

                                                  s/ Janice M. Stewart_____
                                                  Janice M. Stewart
                                                  United States Magistrate Judge